United States Bankruptcy Court
United States District Court
Southern District of Texas
**ENTERED**
January 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 24-31596 |
| MMA LAW FIRM, PLLC, | § § | CHAPTER 11 |
| Debtor. | § § | |
| MMA LAW FIRM, PLLC, | § § | |
| Plaintiff, | § § | |
| VS. | § § | ADVERSARY NO. 24-3130 |
| LABORDE EARLES LAW FIRM LLC, | § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT THAT
DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE BE GRANTED**
*Resolving ECF No. 32*

Pending before the Court is a single pleading filed on December 20, 2024, by Laborde Earles, Law Firm, LLC ("*Defendant*") self-styled as "Defendant Laborde Earles, Law Firm, LLC's ("*Laborde Earles*") Unopposed Motion To Withdraw The Bankruptcy Reference, Jury Demand, And Notice Of Non-Consent To Entry Of Final Orders" ("*Motion to Withdraw the Reference*").[1] For the reasons set forth *infra*, and as required by Federal Rule of Bankruptcy 5011 and Bankruptcy Local Rule 5011-1, this Court recommends that the reference be immediately withdrawn.

I. **BACKGROUND**

A. **Procedural History**

1. On October 28, 2024, MMA Law Firm, PLLC ("*Plaintiff*") filed its Amended Complaint listing three causes of action, to wit: (1) violation of the automatic stay; (2)

---

[1] ECF No. 32.

declaratory judgment; and (3) turnover of property of the estate.[2]

2. On November 25, 2024, Defendant timely filed its jury demand.[3]

3. On December 20, 2024, Defendant filed its Motion to Withdraw the Reference.[4]

## II.   ANALYSIS

### A. Withdraw of the Reference Standard of Review

The United States District Courts in the Southern District of Texas are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code" to the United States Bankruptcy Courts.[5] Pursuant to § 157(d), the District Court may withdraw any case or proceeding referred under § 157 on its own motion or on timely motion of any party for cause shown.[6] Additionally, the District Court shall withdraw any case or proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulation organizations or activities that affect interstate commerce.[7] There are two provisions for withdrawal of the reference of cases to a bankruptcy court: mandatory and permissive withdrawals.[8] The Court will discuss each in turn.

### B. Mandatory Withdrawal of the Reference is Required

Mandatory withdrawal of the reference must be granted when the motion was timely filed and either (1) the proceeding involves a substantial and material question of non-Bankruptcy Code federal law and a non-bankruptcy code federal law at issue has more than a *de minimis* effect on

---

[2] ECF No. 25.
[3] ECF No. 29.
[4] ECF No. 32.
[5] *See* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[6] 28 U.S.C. § 157(d).
[7] *Id.*
[8] *See id.*

interstate commerce, or (2) the movant seeking withdrawal has a valid Seventh Amendment jury trial right on the claims asserted against them.[9]

Here, Defendant does not assert, nor does this Court find, that this proceeding involves a substantial and material question of non-bankruptcy law.[10] Rather, Defendant asserts that they are entitled to a jury trial on the claims presented against them in this adversary proceeding.[11]

Whether a valid, timely asserted jury demand has been made is dispositive in whether withdrawal should be granted because a bankruptcy judge lacks the authority to conduct a jury trial unless the parties consent.[12] As a result, if a party has invoked its Seventh Amendment jury trial right and does not consent to a jury trial in bankruptcy court, the reference must be withdrawn.[13] However, even if a jury trial is ultimately necessary, immediate withdrawal of the reference is not required. Instead, withdrawal may be deferred until the bankruptcy court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process.[14]

The right to a jury trial in adversary proceedings does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core.[15] Instead, the analysis generally turns on whether the cause of action (1) is legal or equitable in nature; and (2) involves public or private rights.[16] Simply put, if the plaintiff seeks a legal remedy, the defendant has a right to jury trial,

---

[9] *In re National Gypsum Co.*, 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992); *Benjamin v. United States* (In re Benjamin), Nos. 17-33255, 17-3321, 2021 Bankr. LEXIS 2400, at *4 (Bankr. S.D. Tex. 2021).
[10] ECF No. 32.
[11] *Id.*
[12] *See In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994).
[13] *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *11 (W.D. Tex. Nov. 9, 2011) (citing *In re Clay*, 35 F.3d at 196-97; *Levine v. Blake*, No: 07-32168, 400 B.R. 200, 205-07 (Bankr. S.D. Tex. Sept. 22, 2008)).
[14] *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).
[15] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).
[16] *See id.* at 53-54; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 422–23 (5th Cir. 1998) (the Seventh Amendment preserves the right to a jury trial in "all actions in which legal rights are to be determined."); *In re Yazoo Pipeline Co.*, 459 B.R. 636, 641–42 (Bankr. S.D. Tex. 2011).

even if Congress has assigned the cause of action to the bankruptcy courts as a "core" proceeding.[17] Actions for damages or money judgments are legal in nature to which a right to a jury attach.[18]

Plaintiff's Amended Complaint alleges that Plaintiff represented thousands of storm victims with property damage claims against their insurance companies ("*Former Clients*"), and that Plaintiff initiated claims for these Former Clients ("*Former Cases*") pursuant to contingency fee agreements ("*Fee Agreements*") which entitled Plaintiff to a contingency fee, interest and reimbursement of expenses from the proceeds of any recovery in the Former Cases ("*Fees and Costs*").[19] Defendant allegedly took over representation of 1,811 of the Former Cases (the "*LE Cases*") and settled and earned favorable outcomes in the LE Cases, retaining the full amount of the Fees and Costs, after Defendant allegedly entered into an agreement with Plaintiff where it would remit a portion of the Fees and Costs to Plaintiff.[20] Finally, Defendant, with notice of this bankruptcy filing, allegedly filed in some of the LE Cases motions to exclude the Plaintiff as a payee of any settlement proceeds (the "*Motions to Exclude*").[21]

All claims asserted against Defendant in this adversary involve core matters.[22] However, the Defendant is entitled to a jury trial. In its Amended Complaint, Plaintiff brings three causes of action: (1) a violation of the automatic stay pursuant to § 362(a) due to Defendant's filing of the Motions to Exclude after commencement of this bankruptcy case; (2) a declaratory judgment pursuant to § 541 affirming that Plaintiff has an interest in the Fees and Costs under the Fee Agreements; and (3) turnover of a portion of the Fees and Costs received by Defendant pursuant

---

[17] *See id.*
[18] *Dairy Queen v. Wood*, 369 U.S. 469, 476 (1962); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) ("awards of actual damages and profits . . . generally are thought to constitute legal relief.").
[19] ECF No. 25 at 2, 19, 20.
[20] ECF No. 25 at 3, 4, 11, 22.
[21] ECF No. 25 at 13–14.
[22] See 28 U.S.C. § 157(b)(2)(A), (E), and (O).

to § 542(a).[23] Plaintiff also brings a claim for violation of the automatic stay pursuant to § 362(a), and a declaratory judgement and turnover claim pursuant to §541 and §542(a) against Morris Bart, LLC ("*Morris Bart*") in a separate but related adversary proceeding, Case No. 24-3127 (the "*Morris Bart Proceeding*").[24] The Morris Bart Proceeding is based on substantially similar grounds as this instant adversary proceeding. Specifically, Plaintiff alleges that Morris Bart took over representation of some of the Former Cases and began settling them, retaining the full portion of the Fees and Costs, which Plaintiff asserts it has an interest in.[25] In the Morris Bart Proceeding, the District Court withdrew the reference and found that Morris Bart was entitled to a jury trial, reasoning that Plaintiff's claims in the Morris Bart Proceeding required "the resolution of the amount MMA is owed, if any, under the contingency fee agreements, and Debtor is asking to be paid these sums—a claim and remedy that is clearly legal in nature."[26] Here, Plaintiff is seeking the same relief: a determination of its interest in the Fees and Costs under the Fee Agreements and turnover of such Fees and Costs.[27] Moreover, Defendant has not filed a proof of claim in this case.[28] As such, Plaintiff's claims and remedies sought in the Amended Complaint give rise to a jury trial right.[29] Since Defendant is entitled to a jury trial, withdrawal is mandatory and this Court need not consider permissive withdrawal.[30]

---

[23] ECF No. 25.
[24] Citations to Adv. Proceeding Case No. 24-3127 will take the form of "Adv. Proceeding No. 24-3127, ECF No. _" Adv. Proceeding No. 24-3127, ECF No. 42.
[25] Adv. Proceeding No. 24-3127, ECF No. 42. at 9–10.
[26] *MMA L. Firm, PLLC v. Morris Bart, LLC*, No. 4:24-cv-4446, 2024 U.S. Dist. LEXIS 225238, at *10 (S.D. Tex. Dec. 12, 2024).
[27] ECF No. 25.
[28] *See* Claims Register.
[29] *See Halperin v. Wills* (*In re Senior Care Ctrs., LLC*), Nos. 18-33967-sgj, 20-03178, 3:21-CV-01498-B, 2021 Bankr. LEXIS 2052, at *5 (Bankr. N.D. Tex. July 15, 2021) ("The [defendant] has not filed a proof of claim and does not consent to the entry of a final judgment or order by the bankruptcy court, pursuant to 28 U.S.C. § 157(c)(2). Therefore, the bankruptcy court does not believe it can finally adjudicate the claims as they relate to this party."); *MMA L. Firm, PLLC* No. 4:24-cv-4446, 2024 U.S. Dist. LEXIS 225238, at *10.
[30] *City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at *11 (W.D. Tex. Nov. 9, 2011).

### III.   CONCLUSION

For the reasons set forth in this Court's Report & Recommendation, this Court recommends that the reference be immediately withdrawn.

SIGNED January 7, 2025

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge